Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 823 | **DATE** | 5/17/2012 |
| **CASE TITLE** | EVERETT BRYANT v. AMELIA FULGHAM et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file an amended complaint [51] is granted. Plaintiff has cured the diversity jurisdiction defects identified in the rule to show cause of May 2, 2012. The rule to show cause is discharged. However, the amended complaint is dismissed pursuant to the arbitration clause in the stockholders' agreement. Defendants' motion to dismiss [42] is granted. **SEE BELOW FOR DETAILS.**

■ [ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Dr. Everett Bryant is a minority shareholder in Physicians Preferred Home Care, Inc. He separately made several loans to Physicians Preferred. Bryant brings suit against Physicians Preferred and Amelia Fulgham, the majority shareholder, contending Fulgham has violated the stockholders' agreement and a separate loan agreement and has taken actions that are oppressive and in contravention of her fiduciary duties as the majority shareholder. Fulgham and Physicians Preferred move to dismiss based on an arbitration clause in the stockholders' agreement. Bryant contends the scope of the arbitration clause does not encompass his claims. Alternatively, he requests that the court stay, rather than dismiss, the case.

Arbitration is a matter of contract; the language of the arbitration clause determines the scope of what the parties intended to arbitrate. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). Strong federal policy in favor of arbitration requires that all doubts or ambiguities concerning the scope of the parties' agreement be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). Thus, a claim belongs in arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Welborn Clinic v. MedQuist, Inc.*, 301 F.3d 634, 639 (7th Cir. 2002).

There is no dispute here that a valid arbitration agreement exists. The dispute is over the clause's scope. The stockholders' agreement mandates arbitration "[i]f any dispute shall arise concerning the construction or interpretation of this agreement or any of the rights or duties of the parties pursuant to this Agreement or their respective rights and obligations hereunder . . . ." Compl., Ex. A ¶ 11. This arbitration clause is narrower than clauses courts have previously interpreted as extremely broad and encompassing claims even tangentially related to the agreements. For example, the language "arising out of and relating to" an agreement covers "all manner of claims tangentially related to the agreement, including claims of fraud, misrepresentation, and other

| | Courtroom Deputy Initials: | AIR |
|---|---|---|

torts. . . ." *Gore v. Alltel Comm'cns, LLC*, 666 F.3d 1027, 1036 (7th Cir. 2012) (quoting *Welborn Clinic*, 301 F.3d at 639). Similarly, the language, "arising out of the agreement" has been construed to "reach[] all disputes having their origin or genesis in the contract, whether or not they implicate interpretation or performance of the contract per se." *Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l., Ltd.*, 1 F.3d 639, 642 (7th Cir. 1993). The phrase, "arising out of," was contrasted with the phrases "[a]ny disputes arising *hereunder*" and "any dispute or difference [that] should arise *under* [the agreement]," which were interpreted by the Ninth and Second Circuits, respectively, to "encompass only those disputes that relate to the interpretation and performance of the contract itself." *Id.* (alterations and emphasis in original) (quoting *Mediterranean Enter., Inc. v. Ssangyong*, 708 F.2d 1458, 1461, 1464 (9th Cir. 1983), *and In re Kinoshita & Co.*, 287 F.2d 951–52 (2d Cir. 1961)).

The arbitration clause here is more like the ones in *Mediterranean Enterprises* and *Kinoshita* than the broad language in *Gore* and *Sweet Dreams*. To fall within the scope of the clause, the claims must be more than tangentially related to the agreement. Each claim must (1) concern the construction or interpretation of the stockholders' agreement, (2) concern any of the rights or duties of the parties pursuant to the stockholders' agreement, or (3) concern the parties' respective rights and obligations under the stockholders' agreement.

Fulgham and Physicians Preferred argue the overwhelming majority of Bryant's claims relate to the stockholders' agreement and the parties' relationship as shareholders, making all the claims subject to arbitration. They do not, however, go through each of the claims and explain why each relates to a provision of the stockholders' agreement or the parties' rights or duties under that agreement. Nor do they respond to Dr. Bryant's argument that some claims arise under statute or common law—separate from the stockholders' agreement—and therefore are not covered under the arbitration clause. Nevertheless, because resolution of each claim arguably requires interpretation of the agreement provisions, all counts of the complaint fall under the arbitration clause and must be arbitrated.

Two of the claims clearly fall under the arbitration clause. Count III alleges a breach of the stockholders' agreement. Resolution of this count will require interpreting the stockholders' agreement as well as determining what the agreement obligated Fulgham to do. Count VI, seeking an accounting, also falls under the arbitration clause. Although a right to an accounting may also arise under statute and common law, the stockholders' agreement gives each stockholder a right to inspect and copy Physicians Preferred's books and records. Compl., Ex. A at ¶ 8.

Count IV alleges a breach of the loan agreement between Dr. Bryant and Physicians Preferred. Although the loan agreement does not contain an arbitration clause, *see* Compl., Ex. 2, this count also falls under the arbitration clause. As the Michigan district court noted in its order transferring the case, the loan agreement has not yet been breached because payment is not due until the summer of 2013. Dkt. No. 18 at p. 5–6. Bryant's present right to payment arises not under the loan agreement but under the provision of the stockholders' agreement listing the order in which the corporation's debts are paid. Compl. ¶¶ 49–50. Bryant conceded as much before the Michigan district court. Dkt. No. 18 at 6. This claim thus concerns the interpretation of a provision of the stockholders' agreement and falls under the arbitration clause.

Count I for shareholder oppression and Count V for injunctive relief are related; injunctive relief is a possible statutory remedy if a plaintiff establishes shareholder oppression. *See* 805 ILCS 5/12.56. Although Dr. Bryant is correct that the shareholder oppression claim is based on statute, not the stockholders' agreement, allegations underpinning this claim rely on the provisions of the stockholders' agreement. For example, one allegation is that Fulgham "is paying herself compensation in lieu of the Corporation's creditors and in lieu of making equal distributions of compensation to Bryant pursuant to the terms of the Stockholders Agreement."

Compl. ¶ 36. Resolution of this claim requires interpretation of the stockholders' agreement and therefore falls under the arbitration clause.

Count II for breach of fiduciary duty falls under the arbitration clause for similar reasons. Although the fiduciary duty arises under common law, several of the underlying allegations rely on Fulgham's duties under the stockholders' agreement. *See* Compl. ¶ 39 ("removing Bryant and Fields as shareholders and directors and officers of the Corporation without requisite corporate authority, . . . , making distributions for her own benefit that should have been paid to creditors and/or other shareholders pursuant to the terms of the Stockholders Agreement between the parties, failing and refusing to issue financial statements of the corporation pursuant to the terms of the Stockholders Agreement . . . .").

The remaining issue is whether the court should dismiss or stay the action.[1] Although the Seventh Circuit has stated a preference that cases are stayed pending arbitration rather than dismissed completely, *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008), the court has discretion to dismiss the case, *see Waldbillig v. SSC Germantown Operating Co.*, No. 08-C-1002, 2010 WL 1688535, at *9–11 (E.D. Wis. Apr. 26, 2010) (Clevert, J.) (collecting cases). Dismissal is appropriate because all claims are subject to arbitration, leaving nothing for the court to decide unless and until a party seeks confirmation of or challenges the arbitrators' award.

*Suzanne B. Conlon*

---

[1] Fulgham and Physicians Preferred bring the motion to dismiss under Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim). To the extent dismissals based on arbitration clauses arise under Rule 12(b), they arise under Rule 12(b)(3) (lack of venue). *Auto. Mech. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007). But the distinction here is irrelevant.